# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAWN KNOLL, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-18-965 |
| CHS/NORTHWEST GRAIN/NORTHLAND GRAIN, | * | |
| | * | |
| Defendant | | |
| | *** | |

## **MEMORANDUM & ORDER**

Dawn Knoll filed a Complaint on April 4, 2018, ECF No. 1, along with a Motion to Proceed in Forma Pauperis, ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

Knoll, a resident of Warren, Minnesota, filed this lasuit, invoking this Court's federal question jurisdiction and naming CHS/Northwest Grain/Northland Grain, as the sole Defendant. Plaintiff states that Defendant is also located in Warren, Minnesota. Compl. The Complaint alleges "cybercrime," specifically:

> Cameras/audio in my home and vehicle.
>
> My exfiance was the manager of Northwest Grain - He ran the show for 33 years – all of sudden he resigned and that part of CHS which is Northwest Grain changed hands and names – to Northland Grains – I believe he used that Co. to take videos and spy on me in my home, vehicle, and also his home.

Compl. 6.

> In her Supplemental Complaint, Plaintiff claims:
>
> Invasion of privacy, where do I start; when everyone looks at you and they know more then they should women asking to look at my boos and they are not lesbians- I had breast cancer! Had reconstructive surgery – so <u>this</u> <u>is</u> very personal subject for me! I was bathing and shaving one morning before I went to work; one

gal told me out of the blue how to use Nair hair removal cuz it works much better than shaving-ish ish! Men looking and talking to me like I was a piece of meat and they were hungry! Anything I did in the evening; morning in my <u>own personal</u> <u>time</u> <u>by</u> <u>myself</u>-get to work and everyone commented on it! From dying my hair to shaving- to whatever people do when its suppose to be <u>your</u> own private time-but its not! This goes on! on! To know this and not wanting to take your clothes off because you know you are being filmed – It makes a person sick – not only viewing but wrecking all the things that I have worked very hard for! All the things that got to hot – because of the extra things running – such as coffee makers that I have replaced! Florescent lights that have gotten to hot-computers-phones-grand new refrigerators not working right - my brand new vehicles – that have been tampered with –dealership replacing radio-backup screen-when I don't request it-windows that break – on brand new vehicles- and the list goes on & on—How do you put a price on this? It is the most demeaning thing that can happen to another human being. Everything in my life has been contaminated-I have worn these shoes over & over again! My exfiance Kevin Hjelseth was the manager of Northwest Grain/CHS and this spring Northwest Grain changed their name to Northland Grain-Kevin suddenly resigned when this happened-Kevin Hjelseths house is located at 321 NW Warren, MN 56762. I am asking for 1.5 million-I feel I'm being conservative. Thank you. Dawn Knoll.

Supp., ECF No. 4 (emphasis in original).

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this

determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Clearly, Plaintiff's allegations cannot be addressed by this Court. Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on her behalf.

Accordingly, it is this 21st day of June, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis IS GRANTED;
2. The Complaint IS DISMISSED;
3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff; and
4. The Clerk SHALL CLOSE this case.

Paul W. Grimm
United States District Judge